## LARSON BERNTH v. ED. SMITH.[1]

July 29, 1910.

Nos. 16,671—(143).

**Motion for continuance.**
> Ordinarily a motion for continuance or postponement is addressed to the discretion of the trial court.

[1] Reported in 127 N. W. 427.

**Charge to jury — action for wages.**

In an action to recover upon an express contract for agreed wages, where the complaint does not allege the reasonable value, and no evidence is offered or received as to value, it is error to instruct the jury that if the express agreement has not been shown they may find the reasonable value of the services.

Action commenced in justice court to recover a balance of $99 for labor claimed to have been performed under a certain contract, the terms of which are set forth in the opinion. The substance of the answer is stated in the opinion. The case was appealed to the district court for Dakota county, but before the cause was reached counsel for defendant moved for continuance or postponement on the ground of the unavoidable absence of defendant, and the motion was denied. The case was tried before Crosby, J., and a jury who were charged that if they did not find from the evidence that the agreement was that plaintiff was to be paid so much a week, then they could find for him as upon a quantum meruit. The jury returned a verdict in his favor for $60. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Order denying new trial reversed and new trial granted.

*Converse & Grannis,* for appellant.

*P. H. O'Keefe,* for respondent.

O'BRIEN, J.

This action was commenced in a justice court; plaintiff claiming to have been employed by the defendant for twenty-one weeks, for the first nine of which "the agreed value of said services which the defendant promised and agreed to pay to the plaintiff was the sum of $10 per week," and the last twelve, $12 per week, and that the total agreed value of the services was $234, of which $135 was paid. The answer admitted performance of services by plaintiff, alleged full payment therefor, and denied every other allegation of the complaint. The case went to the district court on appeal, and when called for trial defendant moved for a continuance over the term, or, if that could not be had, for a postponement of the trial, upon

the ground that the physical condition of defendant's wife was such that he could not leave her to be present at the trial. Upon the admission of the attorney for plaintiff that if defendant was present he would testify that, when he hired the plaintiff, "the agreement was that Mr. Smith should pay the plaintiff just what he thought he was worth, and that he will swear that he has paid him in full," any postponement of the case was refused. With the exception of this admission, the only testimony received was that of plaintiff, who testified that his employment was under an express contract for $10 and subsequently $12 per week, as alleged in the complaint. Some slight testimony was received as to the character of plaintiff's duties, but no statement was made as to the reasonable value of the services.

In instructing the jury the court, after referring to plaintiff's claim as to the agreement to pay him a specified sum per week, said, "* * * But if you don't find from the evidence that the agreement was that he was to be paid so much a week, then you will determine what his services were reasonably worth, and then determine how much he has been paid. It is admitted he has been paid $135, and if that payment does not amount to what you find his services were reasonably worth you will deduct the $135 from what you find his services were reasonably worth, and your verdict should be for the balance; but if you find that he did the work at an agreed price, you will find how much he earned at that agreed price, deduct $135 from that, and your verdict will be for the difference." The jury returned a verdict for $60, which was less than the balance claimed by plaintiff according to the agreed wages testified to by him. Defendant appeals from an order denying an alternative motion.

1. The motion for the continuance was addressed to the discretion of the trial court, and we are not prepared to say that the record shows any abuse of discretion.

2. Under the very liberal construction to be placed upon pleadings in an action before a justice of the peace, particularly in one of this character, we would go very far in upholding this verdict, if there

was any evidence in the case as to the reasonable value of plaintiff's services. Unfortunately, however, there was absolutely no testimony upon this point. Plaintiff testified that he was a shoemaker by trade, and that he did all of the repairing done in defendant's store, or shop, during the period of his employment, but made no statement as to the reasonable value of such services. The defendant's testimony, as stipulated, amounted to a claim that plaintiff's employment was upon an implied contract to pay him the reasonable value of his services. His statement that he had fully paid such reasonable value added nothing to plaintiff's testimony upon the question of reasonable value.

We conclude that the portion of the charge above set out was erroneous, and necessitates a reversal of the order denying a new trial. No statutory costs will be allowed the defendant. The order denying a new trial is reversed, and new trial granted.

START, C. J. (dissenting).

I am of the opinion that the instruction of the court complained of by defendant was not reversible error as to him, for it was responsive to the issue tendered by him. If there was no evidence on his part tending to support the issue, the plaintiff might have complained of the error, but not the defendant. Again, the record is practically conclusive that the defendant was not prejudiced by the submission of the issue; for if there was no evidence tending to support the issue, then the specific testimony of the plaintiff as to the contract of hiring was undisputed. There was nothing improbable in his testimony, and if undisputed it could not be arbitrarily rejected.